F. E. WHITMORE, Appellant, v. R. O. GAMBLE et al., Appellees.

**ELECTIONS:** **Validity—Official Irregularities.** Elections will not be invalidated by official irregularities which effect no change in the result.                                        •

*Appeal from Page District Court.*—EARL PETERS, Judge.

OCTOBER 18, 1921.

ACTION in equity, to determine the validity of an election establishing a consolidated school district, and to enjoin the treasurer and director from issuing bonds. By stipulation of the parties, it was agreed that the court might treat the action as an appropriate one, whether technically so brought or not. There was a decree dismissing plaintiff's petition, and he appeals.—*Affirmed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*L. H. Mattox* and *Wilson & Keenan,* for appellees.

STEVENS, J.—At an election held on the 28th day of February, 1920, at the town hall in Coin, Page County, Iowa, to vote upon the question of the organization of a consolidated independent school district, to be known as the consolidated independent school district of Coin, two ballot boxes were used: one for the voters residing within the incorporated town of Coin, and one for the voters residing within the territory of the proposed district outside of the town of Coin. The count of the judges of election showed that 87 votes were cast for consolidation and 7 against, in the town of Coin, and 67 votes for and 50 against consolidation in the territory outside thereof, thereby showing a majority in favor of consolidation, both in the town and in the territory outside thereof.

The contention of counsel for appellant is that ballots which should have been placed in the ballot box used for the territory outside of Coin were erroneously put in the town box, and that

ballots that should have been put in the town box were placed in the country box. The testimony sustains this contention, to the extent of showing that one or two country ballots were placed in the town box, and that the judges, for the purpose of equalizing the number of ballots, placed one or two town ballots in the country box. Of course, the judges did not know whether these ballots were cast for or against consolidation, and the error could not be corrected in this way. When the ballot boxes were opened, and the votes counted by the judges, it was discovered that the ballots in the country box were two less than the number of votes cast, as shown by the poll book; whereas the town box contained two more than the total number cast in Coin, as shown by the poll books. This irregularity did not, however, affect the result. Giving to appellant the most favorable interpretation of the testimony, there was still a substantial majority, both in the town and the country box. The error of the judge who deposited the ballot in the wrong box was discovered immediately, and a correction sought, as above suggested. Manifestly, the election was not invalidated by the errors shown. The result was the same as it would have been if the claimed errors had not been made. The citation of authorities on this point is unnecessary, but, as bearing upon the question, see *State v. Lockwood*, 181 Iowa 1233; *Powers v. Harten*, 183 Iowa 764. The record contains nothing to indicate fraud or design upon the part of the judges to improperly mingle the ballots.

It is further contended by counsel for appellant that electioneering was permitted and carried on at the town hall during the day of election. This point is not insisted upon in argument, and a careful reading of the record satisfies us that the contention is without merit. We therefore hold that the decree of the court below, sustaining the consolidation of the district, should be and is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.